IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BOBBY FRANKLIN HUNTER, JR.                                                    PLAINTIFF

v.                              Civil No.: 6:18-CV-06108

DR. DANIELS                                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on October 26, 2018. (ECF No. 1). He alleges his federal constitutional rights were violated by Defendant Daniels during his incarceration in the Arkansas Department of Correction ("ADC") Ouachita River Unit. (*Id*. at 2). Plaintiff alleges Defendant Daniels committed medical malpractice when he removed a cyst[1] from Plaintiff's back but failed to remove the "sack" containing the cyst. Plaintiff alleges the failure to remove the sack will permit the cyst to regrow, therefore Defendant Daniels "left him with a very nasty scar for

---

[1] Plaintiff refers to this as a "sisst," which the Court will interpret as a cyst.

1

nothing." (*Id*. at 4). Plaintiff alleges he will now have to have another doctor remove the sack, and he will be left with another "nasty scar." (*Id*. at 5).

Plaintiff proceeds against Defendant Daniels in his official and personal capacity. (*Id*. at 4). He seeks compensatory damages. (*Id*. 6).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff failed to state of plausible claim of deliberate indifference to his medical needs. The Eighth Amendment's prohibition against cruel and unusual punishment establishes the "government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (internal quotation marks

and citation omitted). "For this reason, the Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (*citing Estelle*, 429 U.S. at 104).

In order to succeed on a denial of medical care claim, an inmate must show both that he had an objectively serious medical need and that the defendant was deliberately indifferent to that need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (citations omitted). "A medical need is serious when it has been diagnosed by a physician as requiring treatment or, is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992).

Here, Plaintiff does not allege he was denied medical care. Instead, he alleges only that Defendant Daniels committed medical malpractice by not removing the cyst sack. As mere negligence or medical malpractice are insufficient to rise to the level of a constitutional violation, Plaintiff failed to state a plausible claim.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

3

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **7th day of November 2018**.

                                          /s/  Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE